IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JONATHAN ORNE,
        Plaintiff,

v.                                        Civil Action No. 3:12-cv-00290-JAG

MARK CHRISTIE,
*Chairman, State Corporation Commission,*
        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the defendant's motion to dismiss. The case stems from the defendant's[1] alleged discrimination, failure to accommodate, and retaliation against the plaintiff due to the latter's disability. The plaintiff, Jonathan Orne, claims that the Commission violated Title I of the Americans with Disabilities Act ("ADA"), as amended in the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq.* Orne alleges that he suffered a disability, performed his job responsibilities adequately, and requested an accommodation. Further, he says that the Commission demoted him either because of his disability or in retaliation for complaining about his employer's treatment. Given these allegations, Orne has satisfied the pleading standard on his claims, and the Court will deny the motion to dismiss.

## I.    STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When

---

[1] The plaintiff has apparently sued the named defendant, Mark Christie, in his official capacity as Chairman of the State Corporation Commission. The Court, therefore, will refer to the defendant as the "Commission" in this opinion.

considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

## II.   **STATEMENT OF FACTS**

The Court takes the following facts from Orne's complaint and therefore construes them in the manner most favorable to his claims, in keeping with the appropriate motion to dismiss standard.

Orne began working with the Virginia State Corporation Commission as a staff attorney in 1986. In 2001, Orne was promoted to Senior Counsel, and in his capacity as Senior Counsel, he acted as Primary Counsel to the Commission's Bureau of Financial Institutions ("BFI"). His job included analyzing legal issues, conducting legal and regulatory proceedings, and communicating with BFI management, opposing counsel, and court officers. He also drafted regulations, orders, and other legal documents. The record before the Court does not reveal that the Commission had given Orne any negative feedback on his performance before 2009.

In March 2009, Philip deHaas, Orne's department manager, told Orne that his performance was "slipping." (Compl. ¶ 25.) When Orne asked if deHaas could cite any

examples of "diminishing performance," deHaas responded that certain coworkers were reluctant to work with him. (*Id.*) Orne subsequently met with members of BFI management, and they conveyed that they wanted him to adjust his work attendance hours. Orne changed his hours, and BFI management told Orne they had no other concerns. In April 2009, deHaas again met with Orne to tell him that certain employees had seen him sleeping at work. Orne responded that he was not aware of any instances when he fell asleep at work. During this time, however, Orne did have trouble sleeping at night, resulting in exhaustion during the day. In April and May 2009, Orne addressed the issue by going to bed early each night and taking naps on the weekends. DeHaas did not issue any warning, write-up, or any other disciplinary measure regarding Orne's work performance.

In May 2009, Orne became aware that he had fallen asleep at work on one occasion. He immediately visited his primary care doctor, who subsequently referred him to a sleep disorder specialist. The next month Orne was diagnosed with sleep apnea, and the sleep disorder specialist treated him with a Continuous Positive Airway Pressure (CPAP) machine. The CPAP machine allowed Orne to sleep, work, and concentrate without being affected by his sleep apnea. Following his diagnosis, Orne kept deHaas and the BFI management up to date on his condition and treatment plan. Management told Orne that they understood his sleep apnea diagnosis and would work with him.

To Orne's surprise, deHaas gave him a termination notice on September 10, 2009. DeHaas dismissed Orne because of (a) a lack of sustainable improvement in his job performance (b) insubordination, and (c) a continued lack of confidence in Orne's abilities to fulfill his responsibilities as Senior Counsel. Orne then challenged deHaas' action and was told he could either accept the termination, resign, or be demoted to the Clerk's Office, resulting in a $30,000

annual reduction in pay.   Orne never received any explanation regarding the statements in deHaas' letter.

On September 14, 2009, Orne wrote a letter to Chester Roberts, the Commission's Director of Human Resources, appealing deHaas' proposed action.  Orne explained that he had never been insubordinate and that the Commission's Employment Rules specified that insubordination should be addressed by suspension, not by termination or demotion.  Orne also requested that the Commission reconsider Orne's termination or demotion.  Orne suggested, as an accommodation for his disability, that the Commission allow him time to demonstrate his ability to perform his job.  Alternatively, Orne suggested the Commission transfer him to a lower position within the Office of General Counsel.  He believed that his treatment for sleep apnea made him capable of performing his job duties.

The Commission never responded to Orne's requests, and Orne received a letter on September 28, 2009, informing him that he either had to accept a transfer to the Clerk's Office with a $30,000 annual pay cut or resign; if not, he would be terminated.  On September 30, 2009, Orne transferred to the Clerk's Office, and the Commission sent him a letter stating that he had been demoted, effective October 1, 2009.

On March 11, 2010, Orne filed an EEOC Charge of Discrimination.   On January 23, 2012, Orne received an EEOC right to sue letter and filed this action several months later.

### III.    DISCUSSION

#### A.  Discrimination on the Basis of a Disability in Violation of the ADA

Orne's first claim is for discrimination on the basis of disability, and he has alleged sufficient facts to survive a motion to dismiss.  To establish a prima facie case under the ADA, a plaintiff must allege that (1) he was subject to an adverse employment action, (2) he was a

qualified individual with a disability under the ADA, (3) his performance at the time of the discharge met the legitimate expectations of his employer, and (4) the adverse employment action "occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Brandford v. Shannon-Baum Signs, Inc.*, 2012 WL 3542604 (D. Md. Aug. 15, 2012) (citing *Haulbrook v. Michelin N. Am.,* 252 F.3d 696, 702 (4th Cir.2001) (citing *Ennis v. Nat'l Assoc. of Business & Educ. Radio,* 53 F.3d 55, 58 (4th Cir.1995)).

A "qualified individual" under Title I of the ADA is a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds. . . ." 42 U.S.C. § 12111(8) (emphasis added). A disability is a physical or mental impairment that substantially limits one or more major life activities of the individual in question. 42 U.S.C. § 12102(1)(A). Orne must therefore show that that he had an impairment but could still perform the essential functions of his position, irrespective of whether an accommodation was necessary. *Id.*; *see also Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 (4th Cir. 2001).

Orne alleges that he suffers from sleep apnea, which affected his sleep and concentration until he began using a CPAP machine, and that the Commission discriminated against him by demoting him. He has therefore offered enough facts to establish a disability for pleading purposes.

The Commission contends that Orne cannot be considered "disabled" under the ADA because he uses a CPAP machine to "relieve" or "cure" his sleep apnea. At the time Orne lost his position as Senior Counsel, the Commission argues, Orne was no longer "impaired" or "affected by his sleep apnea." Taking into consideration the new ADA amendments, the Commission's argument is without merit.

Although other courts have held sleep apnea not to qualify as a "disability," those courts applied the law as it existed prior to the ADA Amendments Act of 2008.[2] *See, e.g.*, *Brewington v. Getrag*, 2011 WL 4829399 (W.D.N.C., Oct. 12, 2011) (finding that sleep apnea substantially impaired neither the plaintiff's major life activity of working nor the major life activity of sleeping and holding that the plaintiff's complaint failed to meet the threshold requirement of an ADA disability).   Under the 2008 amendments, the determination of whether an impairment "substantially limits a major life activity" is now to be made "without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i).  These mitigating measures include "oxygen therapy equipment and supplies," "the use of assistive technology," and "reasonable accommodations or auxiliary aids."  § 12102(4)(E)(i)(I)–(III).  The use of a CPAP machine, which provides Orne with a steady supply of oxygen, thus counts as a mitigating measure whose effect is to be disregarded.

Given Orne's assertion that he has sleep apnea and that the condition affected multiple major life activities, the Commission's motion to dismiss on the ground that Orne does not suffer a disability must fail, and the Court will deny it.

### B.  Failure to Accommodate in Violation of the ADA

Orne alleges that the Commission violated the ADA by failing to respond to his request for reasonable accommodation.  Under the ADA, discrimination against a qualified individual on the basis of disability includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business. . . ." 42 U.S.C. § 12112(b)(5)(A).  Orne has

---

[2] The amendments became effective January 1, 2009—before the relevant events in this case.

sufficiently articulated that the Commission, although aware of Orne's sleep apnea and subsequent request for an accommodation, did not offer a reasonable accommodation in accordance with the ADA.

On a failure to accommodate claim, a plaintiff establishes a prima facie case by showing that: (1) he was an individual who had a disability within the meaning of the statute; (2) the employer had notice of his disability; (3) with reasonable accommodation he could perform the essential functions of the position; and (4) the employer refused to make such accommodation. *Americans with Disabilities Act of 1990*, § 2 *et seq.*; *Rhoads v. F.D.I.C.*, 257 F.3d 373 (4th Cir. 2001); *Smith v. Commonwealth Dep't of Agric. & Consumer Servs.*, 2012 U.S. Dist. LEXIS 87849 (E.D. Va. 2012).

As discussed above, Orne has adequately alleged that he suffered a disability covered by the ADA. (*See* Compl. ¶¶ 16-21.) Additionally, Orne says that the Commission had notice of his disability. (*See* Compl. ¶¶ 16-23 (noting that Orne's employment records reflect that he has sleep apnea and that from June 2009 to September 2009, Orne kept the Commission informed of his medical condition).) Furthermore, Orne offered suggestions regarding a reasonable accommodation, requesting either the opportunity to demonstrate his ability to perform or, alternatively, a transfer to a lower position within the Office of the General Counsel. (*See* Compl. ¶ 42, 50-53.) Finally, he says that the Commission did not grant either of these requests or do anything else to accommodate his disability. Orne has therefore pleaded a sufficient claim for failure to accommodate, and the Court will accordingly deny the motion to dismiss on this count as well.[3]

---

[3] Although sufficient to survive a motion to dismiss for failure to state a claim, the accommodation claim is puzzling. According to Orne, the Commission allows him to use his CPAP device at work, which eliminates the disabling effects of his sleep apnea and allows him

## C. Retaliation in Violation of the ADA

Orne alleges that, after engaging in activity protected under the ADA, he was subject to "adverse employment decisions, including discriminatory discipline, demotion, and disadvantageous modifications to the terms and conditions of his employment, including a pay decrease." (Compl. ¶ 107.) The ADA expressly prohibits retaliation against individuals who have "opposed any act or practice made unlawful by this chapter or . . . made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a)-(b). Orne thus brings a sufficient retaliation claim.

Under the ADA, to establish a retaliation claim, a plaintiff must allege "1) that she has engaged in conduct protected by the ADA; 2) that she suffered an adverse action subsequent to engaging in the protected conduct; and 3) that there was a causal link between the protected activity and the adverse action." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002). Orne wrote a letter in September 2009 to Chester Roberts, the Commission's Director of Human Resources, appealing deHaas' proposed actions and requesting an arguably reasonable accommodation. Writing to management to complain of mistreatment due to disability is within the bounds of protected activity, regardless of whether the individual is actually disabled. *Soileau v. Guilford of Maine, Inc.* 105 F.3d 183, 191 (1st Cir. 1997). And it was only after writing this letter that the Commission actually demoted Orne. Given the closeness in time between Orne's appeal and his demotion, the causal link between the two is at least facially plausible. In short, Orne has pleaded adequate facts to survive a motion to dismiss, and the Court will deny the Commission's motion to dismiss on this count.

---

to perform adequately.  It is therefore difficult to see how Orne needs some other accommodation. Nevertheless, given the sparse factual record at this stage of the case, the Court will allow this claim to proceed.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court denies the Commission's motion to dismiss as to all counts.

The Court will enter an appropriate order.

Date: <u>January 7, 2013</u>
Richmond, VA

/s/

John A. Gibney, Jr.
United States District Judge

9